

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-18-2002

# Perricone v. Clarke

Precedential or Non-Precedential:

Docket 99-1259

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Perricone v. Clarke" (2002). *2002 Decisions.* Paper 24.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/24

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 99-1259
_____

JACOB PERRICONE,
                              Appellant

v.

DANIEL CLARKE, CORRECTIONS LT., individually;
 ANTHONY BOVO, CORRECTIONS LT., individually;
WILLIAM MOTTIQUA, CORRECTIONS OFFICER, individually;
GREGORY MOHRING, CORRECTIONS, OFFICER, individually

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Civil Action No. 96-cv-06248
(Honorable Jacob P. Hart)
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 13, 2001

Before:  SCIRICA and BARRY, Circuit Judges,
       and MUNLEY, District Judge*

     *The Honorable James M. Munley, United States District Judge for the Middle
District of Pennsylvania, sitting by designation.

(Filed January 17, 2002)

_____

OPINION OF THE COURT
_____

PER CURIAM.

     Plaintiff Jacob Perricone, an inmate at the State Correctional Institution at

Graterford, brought a 42 U.S.C.  1983 action alleging that correctional officers Daniel
Clarke, Anthony Bovo, William Mottiqua, and Gregory Mohring violated his right to be
free from cruel and unusual punishment and excessive force under the Eighth and
Fourteenth Amendments.  A  jury returned a verdict in favor of defendants.  Perricone
now appeals.

Perricone contends he was denied the right to a fair trial when he was allegedly:
"(1) escorted to the witness stand by a prison guard who stood next to him, between him
and the jury, during his testimony; (2) the court compelled him to appear before the jury
panel in prison garb; and (3) one or more jurors inadvertently saw him in handcuffs in a
courthouse corridor."  (Appellant's Br. at 2).  No objection to these matters was made on
record.  Id. at 5.

Defendants contend we lack jurisdiction to hear this appeal because it is based on
facts not in the record.  If we consider the appeal, defendants contend a new trial is not
warranted because "none of the events allegedly seen by the jury . . . told the jury
anything it did not already know from the nature of the case and Perricone's own
testimony.  (Appellee's Br. at 11).

## I.

We have jurisdiction under 28 U.S.C.  1291.  Courts of appeal "should exercise
their discretion to 'correct a plain forfeited error affecting substantial rights if the error
seriously affects the fairness, integrity or public reputation of judicial proceedings.'"
Fashauer v. New Jersey Transit Rail Operations, Inc.,  57 F. 3d 1269, 1289 (3d Cir.
1995) (quoting United States v. Olano, 507 U.S. 725 (1993)) (internal citation omitted).

## II.

At issue is whether it is appropriate to exercise our discretion to correct a plain
error because the error affected substantial rights.  Olano, 507 U.S. at 732.  See also
Fashauer, 57 F.3d at 1289 ("If anything, the plain error power in the civil context  which
is judicially rather than statutorily created  should be used even more sparingly.").

Perricone, a prison inmate, brought a  1983 action against prison guards.  It was
no secret to the jurors that Perricone was a Graterford inmate serving a ten-year sentence.

This was evident from the stipulated facts read to the jury and from Perricone's own
testimony.  The alleged events did not tell the jury anything they had not already learned
from the evidence or the nature of the case.  Furthermore, there was no evidence that any
possible error affected substantial rights.  The District Court properly instructed the jury
on how to address the evidence.  There is no indication the fairness or integrity of the
judicial proceeding was seriously affected.

III.

For these reasons, the judgment of the District Court will be affirmed.


TO THE CLERK:

Please file the foregoing opinion.